SACKS, APPELLANT, *v.* JOHNSTON, GDN., ET AL., APPELLEES.

(No. 3969—Decided June 7, 1943.)

*Mrs. Eva Epstein Shaw,* for appellant.
*Mr. James Nye,* for appellees.

CARPENTER, J. By this appeal on questions of law the plaintiff brought to this court for review a verdict and judgment adverse to him.

The plaintiff's claim was against his mother and her guardian, defendants, appellees herein, under an alleged oral contract made with her about April 1, 1936, by which he agreed to do work about her home and other properties owned by her and she agreed that "she would pay him well for all of his services" and furnish him board and lodging. He claims he so served from the date of the contract to April 1, 1942, and asks judgment for $3,120, being at the rate of $10 per week.

On October 14, 1940, the mother, who was then about 87 years of age, and a widow, was found to be an incompetent person and her son-in-law was appointed guardian of her person and estate. Later, he was removed and on February 28, 1942, the defendant LaDow Johnston was appointed successor guardian. He answered, denying the contract and alleging as a defense that plaintiff presented to him a bill for services at $10 per week from September 1, 1940, to February 28, 1942; that he, as guardian, filed an application with the Probate Court seeking instruction with reference to such claim; that testimony was taken and the court found the claim invalid and ordered him not to pay it; and that no appeal was taken from that order. As a third defense, the guardian alleged that neither he nor his predecessor guardian made any contract with plaintiff to perform any services for his ward. A demurrer by plaintiff to these defenses was sustained.

At the trial, Emil Sacks, plaintiff's brother, who then lived in the family home with the aged mother and plaintiff, testified that he heard a conversation between them substantially as alleged by plaintiff. Evidence as to the nature and value of his services was also received.

The guardian called as a witness a clerk in the office of the Probate Court and through him offered in evidence, and the court received, the original application filed by the guardian in the Probate Court as alleged in the second defense in the answer, which defense had been stricken out, and that court's journal entry finding the claim invalid. While counsel for plaintiff did not specifically object to these exhibits, when that witness had concluded his testimony counsel "requested" the court to withdraw all of it from the jury and the court said "your request is denied." Then counsel excepted, thus amply saving the record. Section 11560,

General Code. That was prejudicial error for two reasons:

1. That defense had been stricken from the answer, and there was nothing in the pleadings as they stood to warrant such evidence.

2. The only basis for a proceeding by a guardian for the instruction of the court in the performance of a duty like this is found in Section 10504-66, General Code, which provides that:

"Any fiduciary may maintain an action * * * against the creditors * * * or other parties, asking the direction or judgment of the court in any matter respecting the trust * * * and the rights of the parties in interest, in the manner, and as fully, as formerly was entertained in courts of equity."

Section 11237, General Code, reads:

"An action is an ordinary proceeding in a court of justice, involving process, pleadings, and ending in a judgment or decree, by which a party prosecutes another for the redress of a legal wrong, enforcement of a legal right, or the punishment of a public offense."

Whatever concept the word "action" as used in Section 10504-66, General Code, may have, if the resulting judgment is to bind a person and become *res judicata* as to him, it surely contemplates an adversary proceeding with process upon the person to be so bound or a waiver of it. In this matter, process or notice to this plaintiff was not shown, either as pleaded in the answer or as appears from the exhibits and the testimony of the clerk as to that record, and the entry made no finding in respect thereto. The judge of the lower court who sustained the demurrer to this defense correctly said it was only an *ex parte* proceeding and could not bind Frank Sacks.

These exhibits going with the jury in its deliberations might very well have influenced the verdict and have been highly prejudicial to the plaintiff's cause.

After the jury had deliberated for several hours, it asked the court for information and in the presence of counsel for both sides in the courtroom, the foreman said:

"At some time during the series of questioning Emil Sacks was on the stand and there was a question asked him about any time that he (meaning plaintiff) requested money from his mother, and was refused on the ground that they needed the money to repair a certain building on Monroe and Ontario, and we were wondering what date that was supposed to have been."

The court below refused this request, and the jury resumed its deliberations, and shortly returned with its verdict for the defendants.

That item of testimony was quite definite and covers less than a page in the bill of exceptions, and if the judge could not give his recollection about it, the reporter could easily have read it to the jury. This court recognizes that Section 11420-6, General Code, gives the trial judge a broad discretion in its instruction to the jury on disputed points of fact during its deliberations, and if this were the only error considered, the court would not be disposed to reverse on it, but it seems to it that this definite request should have been granted.

Under Section 11495, General Code, the plaintiff was incompetent to give the testimony which the court excluded and no error was committed in this respect.

For the error in evidence pointed out, the judgment is reversed and the cause remanded to the lower court for a new trial.

*Judgment reversed and cause remanded.*

LLOYD and STUART, JJ., concur.